```
                DISTRICT COURT OF THE VIRGIN ISLANDS
                  DIVISION OF ST. THOMAS AND ST. JOHN

                                    )
FELTON CARLSON,                     )
                                    )
            Plaintiff,              )   Crim. No. 2013-115
                                    )
        v.                          )
                                    )
NORWEGIAN CRUISE LINE HOLDINGS,     )
LTD.,                               )
                                    )
            Defendant.              )
                                    )
_____)
```

**Appearances:**

**Ryan C. Meade**
Quintairo, Prieto, Wood & Boyer, P.A.
Miami, FL
   *For Felton Carlson,*

**Jennifer Quildon Miller-Brooks**
Hanilton, Miller & Birthisel, LLP
Miami, FL
   *For Norwegian Cruise Line Holdings, Ltd.*


<u>ORDER</u>

**GÓMEZ, J.**

   Before the Court are (1) the motion of Felton Carlson ("Carlson") to enforce an arbitration award; and (2) the motion of Norwegian Cruise Line Holdings, Ltd. ("NCLH"), to vacate that arbitration award.

Case: 3:13-cv-00115-CVG-RM Document #: 76 Filed: 03/28/17 Page 2 of 4

*Carlson v. Norwegian Cruise Line Holdings, Ltd.*
Crim. No. 2013-115
Order
Page 2

On December 3, 2013, Carlson commenced a civil action against NCLH by filing a complaint in this Court. On March 6, 2015, the Court referred this matter to arbitration and ordered the matter stayed pending the completion of arbitration. On July 1, 2016, the arbitrator rendered a final award in favor of Carlson. Subsequently, Carlson moved for this Court to enforce the arbitration award. NCLH moved for this Court to vacate the arbitration award.

On March 27, 2017, the Court held a hearing on these motions. During the hearing, the Court concluded that, before considering Carlson's motion to enforce, it was appropriate to consider whether there were grounds for vacating the arbitration award. After taking evidence and hearing argument from both parties, the Court held that the arbitrator had committed "misconduct . . . in refusing to hear evidence pertinent and material to the controversy," 9 U.S.C. § 10(a)(3), and "otherwise" prevented NCLH from "present[ing] [its] case," *Convention Done at New York June 10, 1958*, T.I.A.S. No. 6997 (Dec. 29, 1970) (Article V(1)(b)).

The premises considered, and for the reasons outlined by the Court from the bench on March 27, 2017, it is hereby

**ORDERED** that the motion of NCLH to vacate the July 1, 2016, arbitration award is **GRANTED**; it is further

*Carlson v. Norwegian Cruise Line Holdings, Ltd.*
Crim. No. 2013-115
Order
Page 3

     **ORDERED** that the July 1, 2016, arbitration award is **VACATED**; it is further

     **ORDERED** that Carlson's motion to enforce the arbitration award is **MOOT**; it is further

     **ORDERED** that this matter is remanded to arbitration for further proceedings consistent with the Court's March 27, 2017, ruling; it is further

     **ORDERED** that this matter is **STAYED** pending the completion of arbitration; it is further

     **ORDERED** that the Clerk of the Court shall designate this action as a suspense matter; it is further

     **ORDERED** that this matter shall be removed from the active trial docket; it is further

     **ORDERED** that all pending motions are **DENIED** without prejudice; it is further

     **ORDERED** that this matter shall be included in the Civil Suspense Docket; it is further

     **ORDERED** that every three months, beginning on the date of this Order, the parties shall apprise the Court of the status of this matter; it is further

*Carlson v. Norwegian Cruise Line Holdings, Ltd.*
Crim. No. 2013-115
Order
Page 4

**ORDERED** that the case be restored to the trial docket when the action is in a status so that it may proceed to final disposition; and it is further

**ORDERED** that this order shall not prejudice the rights of the parties to this litigation.

S\ _____
**Curtis V. Gómez**
**District Judge**